**STATE of Alaska, DEPARTMENT OF REVENUE, PERMANENT FUND DIVIDEND DIVISION, Appellant,**

v.

**Joan HALE, Appellee.**

**No. S–7984.**

Supreme Court of Alaska.

April 30, 1999.

---

Department of Revenue denied her a permanent fund dividend for 1994 even though under the applicable regulation, 15 Alaska Administrative Code (AAC) 23.163(c)(15) (1993), an absence from the state while accompanying an eligible spouse was an allowable absence and her spouse remained eligible. The Department of Revenue based its ruling on the last sentence of AS 43.23.015(a), which provides that in determining the eligibility of an individual "the residency of an individual's spouse may not be the principal factor relied upon by the commissioner in determining the residency of the individual."[1] The Department also relied on a superior court decision involving residents who left the state to accompany non-resident spouses on new military assignments. That case, *Zeiler v. State*, No. 3AN–92–1567 Ci. (Alaska Super., December 16, 1993), held that AS 43.23.015(a) invalidated regulation 15 AAC 23.163(c)(15).

The superior court in the present case reversed the ruling of the Department. It ruled that in Hale's case her spouse's residency was not the principal factor determining her residency.[2] It also ruled that Hale was not barred under the doctrine of collateral estoppel by the *Zeiler* decision. We conclude that both of these rulings are correct and affirm.

■ To establish residency for purposes of permanent fund dividend eligibility, an individual who is not physically present in the state must (1) intend to return to the state and remain permanently in the state and (2) be absent only for reasons specified in AS 43.23.095(8) or in regulations propounded by the commissioner. An absence for military service is allowable,[3] and so is "accompanying an eligible individual as the spouse . . . of the

Mary Ellen Beardsley, Assistant Attorney General, Anchorage, Bruce M. Botelho, Attorney General, Juneau, for Appellant.

Lynn M. Allingham, Law Offices of Lynn M. Allingham, Anchorage, for Appellee.

Before: MATTHEWS, Chief Justice, COMPTON, EASTAUGH, and BRYNER, Justices.

## OPINION

MATTHEWS, Chief Justice.

In 1990 Joan Hale, an Alaska resident, moved out of the state to accompany her husband, also an Alaska resident, who was assigned to a new military duty station. The

1. This language was enacted in 1992. In accordance with the tenor of this enactment a regulation was promulgated effective January 1, 1993, as follows: "The fact that an individual's spouse has not declared Alaska residency does not establish a presumption that an individual is not a resident." 15 AAC 23.143(j).

2. The superior court stated, in part:
The present case is distinguishable [from *Zeiler*] because both Hale and her spouse were Alaska residents when they left the state. Un-

der these circumstances, 15 AAC 23.163(c)(15) does not require finding of ineligibility based solely on the residency of the spouse; rather, the regulation retains Hale's eligibility and leaves the State free to evaluate her residency and eligibility based on all of the evidence in the record. This interpretation does no offense to AS 43.23.015(a) and makes invalidation of the regulation unnecessary.

3. *See* AS 43.23.095(8)(C).

eligible individual."[4] Hale was therefore a resident because she met both the intent and the allowable absence requirements.

■ In her case the allowable absence requirement depended on the residency of her spouse. But it is not accurate to characterize that requirement as "the principal factor" which determined her residency. Instead the allowable absence requirement is one of two requirements determinative of her residency. Because both requirements must be met, neither has primacy over the other and neither can be described as the principal factor which determines residency.[5] Therefore the Department erred in concluding that AS 43.23.015(a) barred her eligibility.

■ The Department sought to use the doctrine of collateral estoppel against Hale. It contended that the *Zeiler* decision precluded it from applying 15 AAC 23.163(c)(15) in her case. The doctrine of collateral estoppel precludes the relitigation of issues that have already been decided. But the rule only applies when three requirements are met:

(1) The plea of collateral estoppel must be asserted against a party or one in privity with a party to the first action;

(2) The issue to be precluded from relitigation by operation of the doctrine must be identical to that decided in the first action;

(3) The issue in the first action must have been resolved by a final judgment on the merits.[6]

This case does not meet the first of the above requirements. Hale was not a party or in privity with a party in the *Zeiler* case. Therefore collateral estoppel does not bar Hale from contending that the regulation was not inconsistent with AS 43.23.015(a).

4. 15 AAC 23.163(c)(15).

5. Though this may seem like hairsplitting, the legislature has invited this fine distinction. In amending AS 43.23.015 the legislature considered and rejected language which stated that "the residency of the individual's spouse may not be the *only* factor relied upon" (Committee Substitute for Senate Bill 327, 17th Leg.2d Sess. (1992) (emphasis added)) and that "the residency

For the above reasons the judgment of the superior court is AFFIRMED.

of the individual's spouse may not be *a* factor relied upon," (1992 House Journal 2752 (emphasis added)) before eventually settling on the current "principal factor" terminology (1992 House Journal 2759).

6. *State v. United Cook Inlet Drift Ass'n,* 895 P.2d 947, 950–51 (Alaska 1995).